UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: Chapter 11

E-BRANDS RESTAURANTS, LLC, Case No. 8:10-bk-18282

Debtor. **(*Emergency Relief Requested Without the Necessity of a Hearing*)**
_____________________________________/

**DEBTOR'S EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)**

E-BRANDS RESTAURANTS, LLC ("**E-Brands**" or "**Debtor**"), by and through its undersigned counsel, hereby files its Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) and requests that this Court enter an order directing the joint administration of the above-captioned Chapter 11 case with *Star Concepts Acquisition, LLC, Timpano of Maryland, LLC, DBEB, LLC, Timpano Acquisition, LLC, Samba Room Acquisition, LLC,* and *Aquaknox, LLC* ("**Related Debtors**").[1]

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Rule 1015(b).

[1] A companion Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) has been simultaneously filed in the Chapter 11 cases of the Related Debtors.

**Background**

3. E-Brands, together with the Related Debtors (collectively, "**Debtors**") filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") on July 30, 2010 ("**Petition Date**").

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to section 1102 of the Bankruptcy Code.

**The Debtors' Business**

6. The Debtors currently own and operate the restaurants set forth on the attached Exhibit "1" and by reference is incorporated herein. The Timpano concept is an upscale restaurant offering char-grilled large cut steaks, bone-in chops and fresh pasta. The Aquaknox theme is also upscale highlighted by a water encased walk-in wine tower and a state of the art open kitchen. Aquaknox is known for its culinary excellence in global seafood which is flown in daily. Samba Room presents a menu of award-winning Latin cuisine, grilled meats and fresh seafood. Taqueria Canonita is a concept based on the authentic market place taquerias of Mexico in a casual setting offering a wide variety of tacos, quesadillas made with grilled and fire roasted meats, vegetables and seafood. Canonita Express is located in the food court of the Venetian Resort Hotel Casino. Its menu is similar to Taqueria Canonita, but caters to walk-up clientele desiring authentic Mexican food without having to wait for a table.

7. The ownership of the Debtors' membership interests is set forth on the attached Exhibit "2" and by reference incorporated herein. Rashid Choufani is the managing member for all Debtors.

**Relief Requested and Grounds for Relief**

8. By this Motion, the Debtor requests the entry of an order pursuant to Bankruptcy Rule 1015(b) directing the joint administration of the Debtor and the Related Debtors for procedural purposes only.

9. Bankruptcy Rule 1015(b) provides, in pertinent part:

> (b) **Cases involving two or more related debtors**. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Section 101(2) of the Bankruptcy Code defines "affiliate" as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor....

10. The Debtors are related entities and affiliates within the meaning of section 101(2) of the Bankruptcy Code and Bankruptcy Rule 1015(b) because, as stated on Exhibit "2", certain Related Debtors own more than twenty percent (20%) of the issued and outstanding common stock or membership interests in the Debtors, as

applicable, and Rashid Choufani is the managing member of all Debtors. Therefore, this Court may order a joint administration of the estates.

11. The Debtor requests that all pleadings in these Chapter 11 cases bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| E-BRANDS RESTAURANTS, LLC, et al., | Case No. 8:10-bk-18282 |
| Debtors. | (Jointly Administered Under Case No. 8:10-bk-18282) |
| _____________________________________/ | |

The Debtor further requests that all pleadings in the Debtors' Chapter 11 cases be filed and maintained under E-Brand's case number.

12. The Debtor submits that unnecessary and expensive duplication can be avoided by jointly administering the Debtors' Chapter 11 cases pursuant to Bankruptcy Rule 1015(b) for the following reasons:

(a) To expedite the administration of their Chapter 11 cases, the Debtors will be filing other "first day" pleadings affecting all of the Debtors. Absent joint administration, the Debtors will need to immediately file several other motions regarding operational issues and several accompanying notices, orders, and other pleadings. Joint administration will avoid the unnecessary and expensive duplication of effort caused by preparing, filing, and serving the

    same pleadings with different captions, thereby saving the Debtors considerable time and expense, as well as conserving judicial and court resources in scheduling and maintaining the separate pleadings.

(b) Joint administration will avoid unnecessary and expensive duplication of efforts caused by serving multiple sets of differently captioned but otherwise identical pleadings during these cases. By jointly administering the estates, creditors will receive notice of all proceedings involving the Debtors, thereby insuring that they are fully informed of all matters potentially affecting their claims. Joint administration will also simplify the Office of the United States Trustee's supervision of all aspects of these cases.

(c) Joint administration may avoid or reduce expenses associated with multiple separate Section 341(a) meetings of creditors and may permit the Debtors' management to appear at one joint meeting of creditors.

According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the Debtors' estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters "that may aid in expediting the cases and rendering the process less costly."

13. The Debtors’ respective creditors will not be adversely affected by the joint administration of these cases, since joint administration of these cases is for procedural purposes only and will not effect a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. Moreover, a creditor may still file its claim against a particular estate.

14. The Debtor does not believe that any of the relief herein requested would create a conflict of interest between creditors of the several estates.

**Notice**

15. Notice of this Motion has been given by electronic transmission to the Office of the United States Trustee for the Middle District of Florida, and by United States first class mail to the twenty (20) largest unsecured creditors of the Debtor. The Debtor submits that, given the administrative nature of the relief requested herein, no other or further notice need be given.

**Basis for Emergency Relief**

16. If these cases are not jointly administered from the outset, the unnecessary and expensive duplication will be burdensome and oppressive to the Debtors, their creditors, counsel, and the Court. Certainly, the relief sought would be of considerably greater value if granted immediately.

17. The Debtors have filed or will file shortly various motions requesting emergency relief (“**First Day Motions**”) including (a) Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Use Cash Collateral of Existing

Secured Lenders and Providing Related Adequate Protection and (B) Prescribing Form and Manner of Notice and Setting the Time for the Final Hearing; (b) Emergency Motion for Authorization to Pay Prepetition Wages, Salaries and other employee benefits; (c) Emergency Motion for Entry of an Order Authorizing Payment of Claims Under the Perishable Agricultural Commodities Act; (d) Emergency Motion for Order Pursuant to Section 105(a) and 366 of the Bankruptcy Code (i) Prohibiting Utilities from Altering, Refusing or Discontinuing Service on Account of Prepetition Invoices; and (ii) Approving the Debtors' Proposed Adequate Assurance of Payment; (e) Debtors' Emergency Motion for Entry of an Order Authorizing the Debtors to Continue Prepetition Customer Programs and to Perform and Pay Related Obligations in the Ordinary Course of Business; (f) Debtors Emergency Motion for Entry of an Order Authorizing Debtors to Maintain and Renew Existing Insurance Programs and Pay all Premiums, Fees and Financing Obligations; (g) Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Secured Post Petition Financing on a Subordinated Basis, (B) Prescribing Form and Manner of Notice and Setting the Time for the Final Hearing; and (h) Case Management Summary.

18.     The Debtor requests authority to file the First Day Motions under the style identified in this Motion for the jointly administered cases, and to file the First Day Motions in the lead case only.

WHEREFORE, the Debtor respectfully requests that this Court enter its order:

    A.    Granting the Motion;

    B.    Directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with the Related Debtors; and

    C.    Providing for such other and further relief as the Court deems just and proper.

Dated: July 30, 2010.

                    */s/ Richard C. Prosser*
                    Richard C. Prosser
                    Florida Bar No. 354831
                    STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
                    110 East Madison Street, Suite 200
                    Tampa, FL  33602
                    (813) 229-0144
                    (813) 229-1811 Fax
                    rprosser@srbp.com
                    Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the ***Debtor's Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b)*** has been furnished on this 30th day of July, 2010, by either the Court's CM/ECF system or bu U.S. MAIL, to:

Office of the United States Trustee
Twenty Largest Unsecured Creditors

*/s/ Richard C. Prosser*
Richard C. Prosser

| DEBTOR | RESTAURANT | LOCATION |
|---|---|---|
| E-Brands | Canonita Express | Las Vegas, NV<br>(The Venetian Resort Food Court) |
| Timpano Maryland | Timpano Italian Chophouse & Martini Bar | Rockville, MD |
| Timpano Acquisition | Timpano Italian Chophouse & Martini Bar<br><br>Timpano Italian Chophouse & Martini Bar | Orlando, FL<br>(Sand Lake Road)<br><br>Ft. Lauderdale, FL<br>(450 Las Olas Blvd.) |
| Samba Acquisition | Timpano Italian Chophouse & Martini Bar<br><br>Samba Room<br><br>Samba Room<br><br>Samba Room | Tampa, FL<br>(Old Hyde Park)<br><br>Orlando, FL<br>(Sand Lake Road)<br><br>Ft. Lauderdale, FL<br>(350 Las Olas Blvd.)<br><br>Denver, CO<br>(This restaurant will remain closed for approximately eight weeks while it undergoes renovations.) |
| Aquaknox | Aquaknox Global Water Cuisine | Tampa, FL<br>(The Westin on Courtney Campbell Causeway) |
| Star Acquisition | Aquaknox Global Water Cuisine<br><br>Taqueria Canonita | Las Vegas, NV<br>(The Venetian Resort and Hotel Casino)<br><br>Las Vegas, NV<br>(Grand Canal Shops at the Venetian Resort Hotel Casino) |
| DBEB | Timpano Tavern<br>(formerly the David Burke Restaurant) | Las Vegas, NV<br>(The Grand Canal Shops at the Venetian Resort Hotel Casino) |

**EXHIBIT "1"**

| **Debtor** | **Ownership** |
|---|---|
| E-Brands Restaurants, LLC | Flagstaff Investors, Ltd. 11.78%<br>Rashid Choufani 53.02%<br>Charles E. Robinson 6.98%<br>Steve Baker 2.33%<br>Saba Shalhoub 2.33%<br>David Wishinsky 10.60%<br>Tony Arias 1.18%<br>Scott Hoch 5.89%<br>Ray Coudriet 3.54%<br>Ronald Eugene Grubb Revocable Trust 2.37% |
| Aquaknox, LLC | E-Brands 100% |
| Timpano Acquisition, LLC | E-Brands 100% |
| Timpano of Maryland, LLC | Timpano Acquisition 99%<br>John Garza 1% |
| Samba Room Acquisition, LLC | E-Brands 100% |
| Star Concepts Acquisition, LLC | E-Brands 100% |
| DBEB, LLC | E-Brands 100% |

**EXHIBIT "2"**