UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re:<br><br>E-BRANDS RESTAURANTS, LLC,<br>et al.,<br><br>Debtors.<br>_____/ | Chapter 11<br><br>Case No. 8:10-bk-18282-KRM<br><br>(Jointly Administered Under<br>Case No. 8:10-bk-18282-KRM) |

## DEBTOR'S MOTION TO REJECT NON-RESIDENTIAL REAL PROPERTY LEASE WITH BF LAS OLAS, LLC

Samba Room Acquisition,[1] as debtor and debtor in possession, ("**Samba Acquisition**" or "**Debtor**"), by and through its undersigned counsel, hereby files its Motion to Reject Non-Residential Real Property Lease with BF Las Olas, LLC ("**Motion**"). In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction

1.    This Court has jurisdiction over this matter pursuant to 28. U.S.C. §§ 157 and 1334. This is a core matter pursuant to 28 U.S.C. § 157. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

2.    The statutory predicate for the relief requested herein is section 365(a) of title 11 of the United States Code ("**Bankruptcy Code**").

---

[1] Samba Room Acquisition, LLC d/b/a Timpano Italian Chophouse & Martini Bar, d/b/a Timpano Italian chophouse, d/b/a Timpano chophouse, f/d/b/a Samba Room, d/b/a Samba Room

## Background

3. The Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on July 30, 2010 ("**Petition Date**").

4. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request for the appointment of a trustee or examiner has been made in these Chapter 11 cases, and no committees have been appointed or designated.

6. On July 30, 2010, this Court entered its Order Granting Debtor's *Ex Parte* Emergency Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) (Dkt. Nos. 4) in each of the Debtors' Chapter 11 cases. Pursuant to the Joint Administration Orders, the Debtors' Chapter 11 cases are being jointly administered for procedural purposes only under In re: E-Brands, LLC, Case No. 8:10-bk-18282-KRM.

## The Debtors' Business

7. The Debtors currently own and operate the restaurants set forth on the attached Exhibit "1" and by reference incorporated herein. The Timpano concept is an upscale restaurant offering char-grilled large cut steaks, bone-in chops and fresh pasta. The Aquaknox theme is also upscale highlighted by a water encased walk-in wine tower and a state of the art open kitchen. Aquaknox is known for its culinary excellence in global seafood which is flown in daily. Samba Room presents a menu of award-winning Latin cuisine, grilled meats and fresh seafood. Taqueria Canonita is a concept based on the authentic market place taquerias of Mexico in a casual setting offering a wide variety

of tacos, quesadillas made with grilled and fire roasted meats, vegetables and seafood. Canonita Express is located in the food court of the Venetian Resort Hotel Casino. Its menu is similar to Taqueria Canonita, but caters to walk-up clientele desiring authentic Mexican food without having to wait for a table.

### Relief Requested

8. Prior to the Petition Date, the Debtor operated a restaurant, previously known as the Timpano Italian Chophouse & Martini Bar, d/b/a Timpano Italian Chophouse, d/b/a Timpano Chophouse, f/d/b/a Samba Room, and most recently known as the Samba Room, in Ft. Lauderdale, Florida.

9. ELO Associates, II, Ltd. and TGI Friday's, Inc. entered into a lease dated August 17, 1999 ("**Lease**"). The Lease was assigned to Samba Acquisition pursuant to the Lease Assignment and Consent Agreement dated December 26, 2002. BF Las Olas, LLC is the successor to ELO Associates, II, Ltd. Under the Lease, Samba Acquisition leases certain real property commonly known as 350 E. Las Olas Boulevard, Fort Lauderdale, Florida 33301, Suite #150 in Las Olas Centre ("**Leased Premises**"). A true and correct copy of the Lease is attached to this Motion as Exhibit "2" and incorporated herein by reference.[2]

10. The Debtor seeks to reject the Lease pursuant to section 365(a) of the Bankruptcy Code, with such rejection to be effective for all purposes as of the Petition Date. The restaurant has been operating at a loss. As a result, the Debtor has closed the

---

[2] In order to reduce photocopying and mailing costs, a copy of the Lease is not being served on all parties listed in the Certificate of Service below. Any party wishing to receive a copy of the Lease may do so upon written request to undersigned counsel for the Debtor.

restaurant. The Debtor, through the exercise of its business judgment, has determined that rejection of the Lease is in the best interests of the Debtor's estate. The Debtor is in the process of vacating the Leased Premises. The Debtor has no further need for the Leased Premises and will derive no further benefit from the Leased Premises.

### Supporting Authority

11. Section 365(a) of the Bankruptcy Code provides that a debtor may, subject to court approval, "reject any executory contract or unexpired lease of the debtor." "This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *see also In re Levitt and Sons, LLC*, No. 07-19845 (Bankr. S.D. Fla. Nov. 14, 2007) (order authorizing debtor to reject unexpired lease).

12. The standard by which a court weighs a debtor's decision to reject an executory contract or unexpired lease is the "business judgment standard." *In re Gardinier, Inc.*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Chira*, 367 B.R. 888, 898 (S.D. Ha. 2007); *In re Prime Motors, Inc.*, 124 B.R. 378, 381 (Bankr. S.D. Fla. 1991). The sole inquiry is whether rejecting the executory contract or unexpired lease will benefit the debtor's estate. *See, e.g., In re Sable Mews Assocs., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984). As long as a debtor's decision to reject is a reasonable exercise of its business judgment, authorization to reject is appropriate. *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984).

4

13. The Debtor has reviewed the Lease and has determined that it is not a source of potential value for the Debtor's future operations, creditors or other parties-in-interest. To the contrary, because the Lease requires ongoing obligations of the Debtor and its estate, the Lease constitutes an unnecessary drain on the Debtor's resources. In order to avoid incurring additional claims during this case, the Debtor seeks to reject the Lease.

14. The Debtor represents that rejecting the Lease is appropriate under the circumstances and reflects the Debtor's sound business judgment.

15. Pursuant to the terms of the Lease, the Lessor may be in possession of a security deposit or other funds belonging to the Debtor. The Debtor requests that, absent further order of this Court, the Lessor be prohibited from setting off or applying any such funds against any claim of the Lessor pursuant to the Lease.

### Notice

16. The Debtors have provided notice of this Motion by: (a) electronic transmission to the Office of the United States Trustee for the Middle District of Florida; (b) United States Mail to TGI Friday's, Inc. and BF Las Olas, LLC; and (c) United States Mail to the L.B.R. 1007-2 Parties in Interest Matrix. The Debtor submits that, given the administrative nature of the relief requested herein, no other or further notice need be given.

WHEREFORE, the Debtor respectfully requests that this Court enter its order:

A. Granting the Motion;

B. Authorizing the Debtor's rejection of the Lease effective as of the Petition Date; and

C. Providing for such other and further relief as is just.

DATED: August 16, 2010.

 */s/ Richard C. Prosser*
Richard C. Prosser
Florida Bar No. 354831
Stichter, Riedel, Blain & Prosser, P.A.
110 E. Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Facsimile: (813) 229-1811
Email: rprosser@srbp.com
Counsel for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Motion to Reject Non-Residential Real Property Lease with BF Las Olas, LLC.* has been furnished on this 16th day of August, 2010, (i) with attached Exhibit "2", by **CM/ECF Transmission** to the United States Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, and (ii) without attached Exhibit "2" (unless received by the following parties by CM/ECF Transmission), by **U.S. Mail** to L.B.R. 1007-2 List of Parties in Interest attached hereto and BF Las Olas, LLC, c/o BentleyForbes Real Estate Services, LLC, 450 E. Las Olas Blvd., Ste 740, Ft. Lauderdale, FL 33301; BF Las Olas, LLC, c/o CT Corporation System, Registered Agent, 1200 South Pine Island Road, Plantation, Florida 33324; TGI Friday's, Inc., 7540 LBJ Freeway, Suite 100, Dallas, Texas 75251, Attn: General Counsel; TGI Friday's, Inc., 4201 Marsh Lane, Carrollton, Texas 75007, Attn: John A. Neitzel, President; TGI Friday's Inc., c/o Prentice-Hall Corporation System, Inc., 1201 Hays Street, Tallahassee, Florida 32301; General Electric Capital Corp. and General Electric Capital Business Asset Funding Corp. of Connecticut, c/o Susan G. Boswell, Esquire, Quarles & Brady, LLP, One South Church Ave., Ste 1700, Tucson, AZ 85701; and Craig V. Rasile, Esquire, Hunton & Williams, LLP, 1111 Brickell Avenue, Miami, Florida 33131-3112.

/s/ Richard C. Prosser